UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT  
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560  
FAX (605) 224-9020

March 10, 2006

Lee Ann Pierce,  
Chapter 7 Trustee  
Post Office Box 524  
Brookings, South Dakota  57006

  Subject:  *In re Duane J. and Kathleen K. Conzemius*,  
       Chapter 7, Bankr. No. 04-40488

Dear Trustee Pierce:

 For the two reasons set forth below, your February 16, 2006, *Motion for Turnover* will be denied without prejudice.[1]  First, the record is not sufficient for the Court to determine whether the equity in Debtors' homestead is only $8,633.  While you stated in the motion Wells Fargo (the mortgagee) valued the property at $65,000, that value was provided to the lender by Debtors.  There is nothing in the record that reflects a professional valuation of the real property contemporaneous with the petition date.  Also, Debtors have declared a homestead exemption of only $5,094.  The bankruptcy estate should not recognize a homestead exemption up to the $30,000 allowance unless Debtors amend their schedules to utilize their full available exemption.

---

 [1]  The February 16, 2006, turnover motion and proposed order did not appear to address the personal property on Schedule B that Debtors did not declare exempt:

   17 Video games    $ 35  
   351 DVD Movies   $ 50 (portion of $600 total value not exempted)  
   Computer Printer  $ 35  
   Customer Counter  $ 15  
   Empty Cassette Boxes $ 11  
   Nintendo-64 Game Player $ 15  
   VCR Players    $ 20  
   Video Racks    $100

While these items total only $281, their value should be preserved for the estate.  If Debtors have not already turned over the property or its value to you, these items may need to be addressed in a subsequent sale or turnover motion.

*In re Conzemius*
March 10, 2006
Page 2.

    Second, the turnover motion and order are really a sale back to Debtors of the estate's interest in two parcels of real property. The motion, however, did not identify any judgment or tax liens that may have attached to this equity or set forth how the turnover action will affect these encumbrances. Also, Davison County, which is owed real estate taxes, and any judgment holders do not appear to have received notice of the motion as parties in interest.

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Charles L. Nail, Jr.
Clerk, U. S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

INH:sh

CC:  case file (docket original; serve parties in interest, including Douglas R. Bleeker, counsel for Debtors; Assistant United States Attorney Stephanie C. Bengford, counsel for the I.R.S.; and Patrick T. Smith, States Attorney for Davison County)

Duane J. Conzemius
Kathleen K. Conzemius
708 East 5th Avenue
Mitchell, SD 57301

Fite & Pierce Law Office
PO Box 524
Brookings, SD 57006

Alice Irvine
Internal Revenue Service
115 4th Avenue SE
Aberdeen, SD 57401-4380

Patrick T. Smith
States Attorney Davison County
1015 S. Miller Ave.
Mitchell, SD 57301